**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**                                    **No.**    **15-cv-0458 RB/SMV**
                                                        **10-cr-3404 RB**

**GLORIA PORTER,**

      **Defendant/Petitioner.**

## ORDER FINDING WAIVER OF ATTORNEY CLIENT PRIVILEGE

THIS MATTER is before the Court on the Plaintiff/Respondent's ("the Government") Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255 [CV Doc. 7; CR Doc. 128][1], filed on June 16, 2015. The United States notes that it spoke with Defendant/Petitioner ("Defendant") Gloria Porter's counsel in her underlying criminal case, Bernadette Sedillo, and Ms. Sedillo prefers not to disclose her privileged communications with Defendant without an order from this Court finding that the privilege has been waived.   [CV Doc. 7] at 3.   Therefore, the Government asks the Court to find that Defendant has waived her attorney-client privilege regarding communications with Ms. Sedillo that relate to her claims of ineffective assistance of counsel, and to authorize Ms. Sedillo to disclose documents, to communicate orally, and/or to provide a written affidavit detailing any communications relating to Defendant's claims of ineffective assistance of counsel.

---

[1] References that begin with "CV" are to case number 15-cv-0458 RB/SMV.   References that begin with "CR" are to the underlying criminal case, 10-cr-3404 RB.

*Id.* at 5.  Specifically, the Government asks the Court to find that Plaintiff has waived the attorney-client privilege with respect to the following communications:

> Any communication, decisions, or strategies regarding the claims of ineffective assistance surrounding the cross-examination of key witnesses in the case against the Defendant;

> Any communication or decisions regarding the claims of ineffective assistance surrounding the evidence of aggravated identity theft;

> Any communication, decisions, or strategies regarding the claims of ineffective assistance surrounding the selection of jury members;

> Any communications or decisions regarding the claims of ineffective assistance surrounding the failure to present or refute evidence related to incurred losses that were calculated for the purposes of sentencing and restitution;

> Any communication or decisions regarding the claims of ineffective assistance surrounding the failure to present competing expert testimony;

> Any communication or decisions regarding the claims of ineffective assistance surrounding the failure to challenge physical evidence presented at trial;

> Any communication or decisions regarding the claims of ineffective assistance surrounding alternatives to a jury trial, specifically, the option of a plea bargain or plea agreement;

> Any other communications or decisions not known to the United States which are necessary in order to address the merits of the Defendant's claims of ineffective assistance of counsel.

*Id.* at 4.

"[W]hen a habeas petitioner claims ineffective assistance of counsel, [she] impliedly waives attorney-client privilege with respect to communications with [her] attorney necessary to prove or disprove [her] claim."  *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009). However, the Court must "impose a waiver no broader than needed to ensure the fairness of the proceedings before it."  *Id.* (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)).

In light of the analysis and holding in *Pinson*, 584 F.3d at 977–79, the Court finds that, by claiming ineffective assistance of counsel in her § 2255 Motion, Defendant impliedly waives the attorney-client privilege with respect to those communications which are necessary to prove or disprove her claims.  Furthermore, the Court enters this order without waiting for Defendant's response because, even if she opposes the motion, *Pinson* clearly directs that it be granted.

**IT IS THEREFORE ORDERED** that the Government's Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255 [CV Doc. 7; CR Doc. 128] is **GRANTED**, and the Court finds that Defendant waives her right to assert the attorney-client privilege with respect to communications with Ms. Sedillo necessary to prove or disprove her claims of ineffective assistance of counsel, as set forth above.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**